IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JOHN ADAMS**, an individual; and **ANNETTE ADAMS**, an individual,<br><br>        Plaintiffs,<br><br>      v.<br><br>**SHANNON WILDE**, in her individual capacity,<br><br>        Defendant. | Case No. 3:22-cv-00543-JR<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATION** |

Justin Steffen, Steffen Legal Services, LLC, 2100 SE Lake Rd., #5, Milwaukie, OR 97222. Attorney for Plaintiffs.

John Mansfield, Office of Washington County Counsel, 155 N. First Ave., Ste. 340, Hillsboro, OR 97124. Attorney for Defendant.

**IMMERGUT, District Judge.**

This Court has reviewed de novo the portion of the Findings and Recommendation ("F&R"), ECF 62, to which Plaintiffs objected. For the following reasons, the Court ADOPTS Magistrate Judge Russo's F&R.

## STANDARDS

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."

PAGE 1 – ORDER ADOPTING F&R

28 U.S.C. § 636(b)(1)(C). If a party objects to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R that are not objected to. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, sua sponte" whether de novo or under another standard. *Thomas*, 474 U.S. at 154 (italics omitted).

## DISCUSSION

Plaintiffs raise three objections to the F&R: A purported failure to address existing precedent, a failure to view certain facts in the light most favorable for Plaintiffs, and a failure to afford sufficient weight to the fact that detectives did not check the model number of John Adams's phone at the time of his arrest. *See* Objections to F&R, ECF 64. This Court has reviewed Plaintiffs' objections and Defendants' response, and reviewed de novo the entirety of Judge Russo's F&R. This Court does not find Plaintiffs' objections compelling.

**A.  Applicable Precedent**

Plaintiffs argue that existing precedent creates a uniform rule that "loading unknown contents to a vehicle cannot support a probable cause determination." Objections to F&R, ECF 64 at 2. There is no such rule. As their authority, Plaintiffs cite *United States v. Torres-Urena*, 513 F.2d 540 (9th Cir. 1975) (per curiam). Objections to F&R, ECF 64 at 2. In that case, the Ninth Circuit held that customs officers were not justified in stopping a pickup truck when the only justification for the stop was "that [appellant's] residence is located one-quarter mile from the border." *Torres-Urena*, 513 F.2d at 542. The court noted that, under the circumstances of that case, there "was nothing inherently suspicious" about appellant loading cardboard boxes into his

PAGE 2 – ORDER ADOPTING F&R

truck. *Id.* at 541–42. Plaintiffs also cite *Henry v. United States*, 361 U.S. 98 (1959), which similarly concluded that a petitioner's behavior while "picking up packages" and driving away with them was "outwardly innocent" under the circumstances of that case. *Id.* at 103.

However, as the *Torres-Urena* court noted, "the court must evaluate each case on its unique facts." 513 F.2d at 542. This case presents different circumstances from *Torres-Urena* or *Henry*. Approximately fifteen minutes after Plaintiff John Adams was contacted by law enforcement in an investigation into child sexual abuse material ("CSAM") uploaded online, officers observed Adams loading computer equipment into his vehicle. F&R, ECF 62 at 5. The officers noted that this was outside the ordinary course of Adams's day, and that Adams was transporting a computer tower, not merely unidentifiable boxes or packages.[1] F&R, ECF 62 at 5. The cases Plaintiffs cite do not prevent Adams's behavior from supporting a probable cause determination under these circumstances.

Plaintiffs also cite *Beck v. Ohio*, 379 U.S. 89 (1964), for the proposition that Plaintiff John Adams's arrest would not be justified "absent exigent circumstances." Objections to F&R, ECF 64 at 2. But Plaintiffs do not directly challenge Judge Russo's finding that exigent circumstances existed in this case. F&R, ECF 62 at 8–9. Exigent circumstances can exist when an officer reasonably believes that action is necessary to prevent "the destruction of relevant evidence." *Hopkins v. Bonvicino*, 573 F.3d 752, 763 (9th Cir. 2009) (internal quotation marks omitted). Here, the officers observed Plaintiff John Adams loading computer equipment into his vehicle shortly after the officers contacted him about a CSAM investigation. F&R, ECF 62 at 5. Given "[t]he fragile and easily destructible nature of the digital evidence at issue," the officers were unquestionably concerned about the possible destruction of evidence stored on the devices.

---

[1] Plaintiff does not object to the F&R's portrayal of these facts.

PAGE 3 – ORDER ADOPTING F&R

*United States v. Blood*, 429 F. App'x 670, 671 (9th Cir. 2011); *see also United States v. Brown*, 701 F.3d 120, 127 (4th Cir. 2012) (holding it was reasonable to seize defendant's computer "to prevent the destruction of relevant evidence" where the defendant knew the officers were investigating "internet crimes against children"). While Plaintiffs point out that the CSAM at issue was originally downloaded to a Samsung Galaxy phone, they offer no reason to believe the other electronic devices in the home would not contain relevant evidence.

**B. Undisputed Facts**

Plaintiffs object to the F&R's statements that the officers were searching for a "Samsung phone" or a "Samsung Galaxy phone," instead of specifying in every instance that they were searching for a Samsung Galaxy Note 8 phone. Objections to F&R, ECF 64 at 2. As the F&R notes, however, the detectives believed it was merely "likely a Note 8" and that their investigation was not "fixated on the phone's precise name," but rather the fact that it was a Samsung phone. F&R, ECF 62 at 3 n.1. This Court finds that the record supports Judge Russo's factual determination.

Plaintiffs also argue that Plaintiff Annette Adams did not say that John Adams had a phone with "8" in the title. Objections to F&R, ECF 64 at 2. The F&R does not find that Annette Adams said this. As the F&R explains, Annette Adams stated at her deposition that she did not recall saying John Adams owned a Samsung Galaxy. F&R, ECF 62 at 4 n.2. But even viewed in the light most favorable to Plaintiffs, Annette Adams admitted that she could have told the detective that it was a Samsung Galaxy Note 8. *Id.*

Finally, Plaintiffs argue that Judge Russo should have determined that other people outside the Adams family could have accessed their Wi-Fi network, even if the network was password-protected. Objections to F&R, ECF 64 at 3. But the F&R only refers to the fact that the network was password-protected in noting that this meant the network was not open to anyone in

PAGE 4 – ORDER ADOPTING F&R

the vicinity. F&R, ECF 62 at 4 n.3. Plaintiffs do not explain why this factual determination was erroneous or how it would affect Judge Russo's probable cause determination in this case.

## C. Cell Phone Evidence

Plaintiffs argue that, "even supposing Defendants had probable cause to detain Mr. Adams to find out if he did indeed possess a Samsung Galaxy Note 8 with a model number of SM-N95OU, he should have been immediately released once the detectives realized he did not, in fact, possess such a phone." Objections to F&R, ECF 64 at 3. Again, the F&R states that the investigation was not "fixated on the phone's precise name," and the specific model number of the phone was "of little consequence" to the probable cause determination. F&R, ECF 62 at 3 n.1.

## CONCLUSION

This Court has reviewed de novo the portions of Judge Russo's F&R to which Plaintiffs objected. F&R, ECF 62, is adopted in full. This Court DENIES Plaintiffs' motion for partial summary judgment, ECF 42, GRANTS Defendants' motion for summary judgment as to Plaintiffs' second claim for relief, ECF 44, and DISMISSES this case with prejudice.

**IT IS SO ORDERED**.

DATED this 27th day of September, 2024.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge